IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEAL K. OSTLER,<br><br>Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS, GRANTING STATE DEFENDANTS' MOTION TO DISMISS, DENYING STATE DEFENDANTS' MOTION FOR SANCTIONS, AND DENYING STATE DEFENDANTS' MOTION FOR UNDERTAKING AS MOOT<br><br><br><br><br><br>Case No. 2:04-CV-627 TS |

Plaintiff Neal K. Ostler, who appears *pro se* in this matter, has a long, litigious history in state and federal courts of bringing employment litigation against various public entities. Plaintiff's Complaint includes a three-page list of legal actions detailing this history. Additionally, subsequent to filing the present case, the Court notes that Plaintiff has been enjoined by Judge Campbell from filing *pro se* actions in this Court against the State of Utah, its

1

agencies and employees unless Plaintiff receives leave from the Chief Judge.  See Order, filed April 29, 2005, case no. 2:04-CV-435 TC, docket no. 33.

Before the Court is a Motion to Dismiss filed by Defendants Salt Lake City Corporation, Rick Graham, Kevin Bergstrom, Debbie Lyons, and Wendee Packwood (hereinafter referred to collectively as City Defendants) and a Motion to Dismiss and Motion for Sanctions filed by Defendants the Utah Labor Commission and the Utah Attorney General (hereinafter collectively referred to as State Defendants).[1]  Further, the Court notes that State Defendants' Motion, styled "Request for Undertaking," is also pending before the Court.

Plaintiff brings seven claims against these Defendants in the present suit.  Due to the relatively simple legal issues presented by Plaintiff's claims, the Court has determined that a hearing on this matter would not prove helpful and, on this basis, the Court cancelled a hearing previously set for August 26, 2005.  As is set forth more fully below, the Court will grant Defendants' Motions to Dismiss and deny State Defendant's Motion for Sanctions.  Further, because the Court grants State Defendants' Motion to Dismiss, the Court finds State Defendants' Request for Undertaking is moot.

---

[1] The Court notes that other litigants are also associated with Salt Lake City and the State of Utah but do not join in the current motions.  For example, "City Defendants," as defined above, does not include Mayor Rocky Anderson.  Likewise, Salt Lake Community College and the Department of Public Safety are entities of the State of Utah but do not join in the motion brought by "State Defendants," as defined above.  The Court uses these shorthand references for its convenience despite the defined terms' shortcomings.

**DISCUSSION**

Although Plaintiff is well versed as a *pro se* litigant, the Court notes that

> [a]ny party proceeding on its own behalf without an attorney [is] expected to be familiar with and to proceed in accordance with the rules of practice and procedure of this court and with the appropriate federal rules and statutes that govern the action in which such party is involved.

DUCivR 83-1.1(g).  Furthermore,

> [w]hile [the Court] of course liberally construe[s] *pro se* pleadings, [a party's] *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.

Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

**I.  MOTIONS TO DISMISS**

In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the [litigant] can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

Plaintiff brings the following seven causes of action in his Complaint: (1) violation of Utah Code Ann. § 34-24-1, which prohibits blacklisting employees; (2) defamation; (3)

retaliation for activities protected by Title VII of the Civil Rights Act of 1964; (4) violation of Utah's Protection of Public Employees Act; (5) breach of the implied covenant of good faith and fair dealing; (6) breach of contract; and (7) intentional interference with prospective employment.

State Defendants and City Defendants challenge each of the causes of action applicable to them. The Court addresses each cause of action below.

### A. Blacklisting

Plaintiff's first cause of action alleges that Defendants blacklisted Plaintiff, in violation of Utah Code Ann. § 34-24-1. Both City Defendants and State Defendants argue that, under Utah law, there is no right of private enforcement of the prohibition of blacklisting codified in Utah Code Ann. § 34-24-1. The Court agrees with Defendants. Utah law does not create a private right of action. See Richards Irrigation Co. v. Karren, 880 P.2d 6, 10-11 (Utah Ct. App. 1994) (stating "neither the Constitution nor [Utah Code Ann. § 34-24-1 *et seq.*] create a private right of action"). Furthermore, while the Court would not fault the average *pro se* litigant for bringing such a claim, the Court notes that Plaintiff has litigated this exact issue in the state district court on at least one prior occasion with the same result. See Utah State District Court Order, filed December 18, 2000, case no. 990907653 ("Defendant's Motion to Dismiss is granted dismissing Plaintiff's Eight Cause of Action for Blacklisting on the ground that . . . there is no private right of action under the Constitution or statute to sue for blacklisting."). The Court, therefore, grants Defendants' Motions to Dismiss as to Plaintiff's first cause of action.

### B.     Defamation and Interference with Prospective Employment

The Court next addresses Plaintiff's second cause of action for defamation and seventh cause of action for interference with prospective employment simultaneously. Both Defendants argue that these causes of action should be dismissed because Defendants are entitled to governmental immunity. The Utah Governmental Immunity Act specifically retains immunity for defamation. See Utah Code Ann. § 63-30-10(2) (retaining governmental immunity for libel and slander). Additionally, the State of Utah has not waived immunity for intentional interference with prospective employment and, therefore, immunity covers this cause of action as well. See Utah Code Ann. § 63-30-3 (immunity retained if not waived).[2] Again, the Court notes that due to prior state court ruling, Plaintiff was put on notice that governmental entities were immune from these causes of action. See Utah State District Court Order, filed July 17, 2003, case no. 990907653 (stating that a government defendant was "immune as to any claims of defamation"); Utah State District Court Order, filed May 10, 2001, case no. 990907653 (dismissing a cause of action for interference with economic relations against a government

---

[2] The Court notes that because the actions alleged in Plaintiff's Complaint occurred prior to July 1, 2004, the Court applies herein the previous version of the Utah Governmental Immunity Act which was found at Utah Code Ann. § 63-30-1 et seq. prior to the amendment and recodification found at Utah Code Ann. § 63-30d-1 et seq.

defendant "on the ground that immunity has not been waived as to that cause of action").[3]

Therefore, Plaintiff's second and seventh causes of action are dismissed.

### C.   Retaliation

The Court now examines Plaintiff's third cause of action, retaliation prohibited by Title VII, which in large part focuses on the termination of his employment with Salt Lake City. The Court construes Plaintiff's third cause of action to apply only to Salt Lake City and the individual defendants associated therewith.[4]

To state a *prima facie* case for retaliation, Plaintiff must show the following: first, he engaged in protected opposition to discrimination; second, his employer took an adverse employment action against him subsequent to or after the protected activity; and third, a causal connection existed between the protected activity and the adverse action. Williams v. Rice, 983 F.2d 177, 181 (10th Cir. 1993)

In construing Plaintiff's Complaint broadly, the Court finds that he fails to assert any facts as to how he participated in any opposition to discrimination protected by the Civil Rights Act or how any such protected opposition relates to his termination from employment with Salt

---

[3] City Defendants also ask the Court to dismiss these claims because Plaintiff failed to file an undertaking as required by Utah law. The Court does not reach this issue because it dismisses these claims on other grounds. The Court does note, however, that Utah law requires such a filing. See Rippenstein v. City of Provo, 929 F.2d 576, 578 (10th Cir. 1991) (upholding dismissal of claim with prejudice to the failure of a party to timely file an undertaking).

[4] The Court notes that all Defendants associated with Salt Lake City, with the exception of Defendant Mayor Rocky Anderson, brought City Defendant's Motion to Dismiss. The omission of Mayor Anderson from the present motion explains why the Court does not use the term "City Defendants," which as defined above, does not include Mayor Anderson.

Lake City.  For these reasons, the Court dismisses Plaintiff's third cause of action as to City Defendants.[5]

### D.     Utah Protection of Public Employees Act

Plaintiff's Complaint alleges that Salt Lake City and individual Defendants associated therewith violated the Utah Protection of Public Employees Act, Utah Code Ann. § 67-21-1 *et seq*.  To plead a claim under this Act, Plaintiff must show that (1) he communicated in good faith the existence of waste of public funds, property, or manpower or a violation of a law or regulation and (2) his employer took an adverse employment action against him because of said communication.  See Utah Code Ann. § 67-21-3.

The Court notes that the Act allows for a cause of action only against the employer, in this case Salt Lake City, and not against any of the individual Defendants.  See Utah Code Ann. § 67-21-6.  Therefore, Plaintiff's claim against all individual City Defendants is dismissed on this basis.

In construing Plaintiff's Complaint broadly, the Court finds that Plaintiff has not stated a claim under the Act as to Salt Lake City.  Plaintiff fails to allege that he was terminated due to any communication covered by the Act.  Thus, the Court also dismisses Plaintiff's claim under the Act with regards to Defendant Salt Lake City as well.

---

[5] The Court finds City Defendants' alternative grounds for dismissal regarding retaliation moot and does not address them as part of this Order.

### E. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's Complaint alleges that Salt Lake City and individual Defendants associated therewith, breached the covenant of good faith and fair dealing when his employment was terminated.

In large measure, Plaintiff's opposition and surreply to Defendants' Motions to Dismiss focus on whether Salt Lake City can be an at-will employer when an employee is working during what the parties agree was a "probationary period." Plaintiff's Complaint recognizes that Salt Lake City's personnel rules allow for at-will employment. Plaintiff argues that this is beyond the reach of the law.

The Utah Supreme Court has addressed the issue of whether the covenant of good faith and fair dealing imputes some duty to employees that somehow nullifies or modifies at-will employment contracts: "The covenant of good faith . . . cannot be construed to change an indefinite-term, at-will employment contract into a contract that requires an employer to have good cause to justify a discharge." Brehany v. Nordstrom, Inc., 812 P.2d 45, 55 (Utah 1991). Certainly, the covenant of good faith and fair dealing does not differ according to whether an employer is public or private.

Utah is an at-will employment state. Uintah Basin Medical Center v. Hardy, 54 P.3d 1165, 1170 (Utah 2002). This means that unless modified by contract all employment contracts are at-will. The Court can find no authority, and Plaintiff does not provide any authority to support his argument that Salt Lake City cannot treat employment contracts as at-will contracts

during the employment probationary period. On these grounds, the Court dismisses Plaintiff's fifth cause of action based on the covenant of good faith and fair dealing.

### F.   Breach of Contract

Plaintiff's breach of contract claim is asserted against Defendants associated with the State of Utah. State Defendants argue that Plaintiff's claims should be barred by the doctrine of *res judicata*. State Defendants argue that Plaintiff's claim was resolved previously by this Court.

With respect to the preclusion of claims based on a prior federal court proceeding, "federal law of claim preclusion applies." Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999) (citations omitted). In the Tenth Circuit, preclusion of a claim based on a prior federal court proceeding requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." Id.

Applying federal claim preclusion principles to this case, the Court finds that all three factors are satisfied with respect to Plaintiff's contract claim. On the first "judgment on the merits" prong, Plaintiff's prior litigation resulted in a final judgment on the merits. See Order, filed November 12, 2003, case no. 2:01-CV-291 TC, docket no. 111.

On the second "identity of parties" prong, the State of Utah was a party in that suit and State Defendants are entities of the State of Utah. The Court finds that this prong is satisfied.

The third and final "identity of claims" prong is satisfied for purposes of federal claim preclusion. The claim before the Court is identical in all relevant respects. In the prior case, the issue before the Court was whether the very contract at issue in this case precluded the State from interferring with Plaintiff's attempt to secure and maintain employment. In fact, Plaintiff's

Complaint admits as much. Under the rubric "breach of contract" Plaintiff avers: "While the basis for these claims are the same basis for claims in a law suit filed in U.S. Court for Utah, they are itemized and asserted herein as a separate cause of action . . . ." Complaint at 8-9.

On this basis, the Court dismisses Plaintiff's breach of contract claim against State Defendants.

## II.     MOTION FOR SANCTIONS

The Court now turns to State Defendants' Motion for Sanctions. After State Defendants' Motion was filed, Judge Campbell sanctioned Plaintiff in case number 2:04-CV-435 TC and ordered that he not file further suit against the State of Utah without first obtaining leave of the Chief Judge. See Order, filed April 29, 2005, case no. 2:04-CV-435 TC, docket no. 33. Because the Court finds that this prior sanction would be duplicative of any sanction the Court is prepared to consider at this time, the Court will deny State Defendants' Motion.

## III.    MOTION FOR UNDERTAKING

Because the Court has dismissed all claims pending against State Defendants, the Court finds that State Defendants' Motion fashioned "Request for Undertaking" is moot.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that City Defendants' Motion to Dismiss [Docket #8] is GRANTED. Furthermore, it is

ORDERED that State Defendants' Motion to Dismiss [Docket # 26] is GRANTED. Moreover, it is

ORDERED that State Defendants' Motion for Sanctions [Docket # 26] is DENIED.

Finally, it is

ORDERED that State Defendants' Request Undertaking [Docket # 62] is MOOT and, therefore, DENIED.

SO ORDERED.

DATED this 14th day of September, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge