IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEAL K. OSTLER,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME UNDER RULE 4(a)(5)<br><br><br><br>Case No. 2:04-CV-627 TS |

On October 24, 2005, the Court issued an Order granting the remaining Defendants' Motions to Dismiss[1] and this case was closed on that date. Plaintiff, appearing *pro se*, filed a Motion for Extension of Time to appeal the Court's decision in this case under Federal Rule of Appellate Procedure 4(a)(5) on December 6, 2005. Defendants have not responded to that Motion.

Generally, a notice of appeal in a civil case must be filed within 30 days after the judgment is entered.[2] Federal Rule of Appellate Procedure 4(a)(5) provides that the district court

---

[1] Docket No. 77. The Court had dismissed other Defendants previously. *See* Docket No. 68.

[2] Fed.R.App.P. 4(a).

1

may extend the time a party has to file a notice of appeal if the party so moves no later than 30 days after the initial 30-day period has expired and the party shows excusable neglect or good cause.[3]

The Court is to examine a number of factors when determining whether excusable neglect exists. These include: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[4] The Tenth Circuit has held that the time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary.[5]

"Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[6]

Plaintiff argues that both excusable neglect and good cause are present here. Plaintiff states that he was been working long hours, that he was been working out of state and has been away from his home, and that he has not been consistently receiving his mail. Additionally, Plaintiff states that his Father-in-Law recently passed away which has complicated matters further.

---

[3]Fed.R.App.P. 4(a)(5).

[4]*United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Investment Servs. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

[5]*Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[6]*Id.* at 1207 (quotation marks and citation omitted).

may extend the time a party has to file a notice of appeal if the party so moves no later than 30 days after the initial 30-day period has expired and the party shows excusable neglect or good cause.[3]

The Court is to examine a number of factors when determining whether excusable neglect exists. These include: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[4] The Tenth Circuit has held that the time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary.[5]

"Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[6]

Plaintiff argues that both excusable neglect and good cause are present here. Plaintiff states that he was been working long hours, that he was been working out of state and has been away from his home, and that he has not been consistently receiving his mail. Additionally, Plaintiff states that his Father-in-Law recently passed away which has complicated matters further.

---

[3]Fed.R.App.P. 4(a)(5).

[4]*United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Investment Servs. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

[5]*Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[6]*Id.* at 1207 (quotation marks and citation omitted).

  The Court believes that working long hours and failing to consistently receive mail would not normally rise to the level of excusable neglect or good cause.  But the Court finds that, as a result of the death of his Father-in-Law, Plaintiff has shown excusable neglect and good cause.  The death of Plaintiff's Father-in-Law was a situation which was not within the control of Plaintiff and which prevented Plaintiff from timely filing a Notice of Appeal.

  It is therefore

  ORDERED that Plaintiff's Motion for Extension of Time Under Rule 4(a)(5) (Docket No. 78) is GRANTED.  Plaintiff may file a Notice of Appeal within ten (10) days for the date of this Order.

  DATED   January 4, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

3